UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>             Plaintiff,     )<br>                              )<br>         v.                     )<br>                              )<br>(1) GORDON ERNST,           )<br>             Defendant.    ) | Case No. 19-CR-10081-IT |

**<u>UNITED STATES' MOTION FOR POST-INDICTMENT RESTRAINING ORDER</u>**

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully requests that this Court, pursuant to 18 U.S.C. § 1963(d)(1)(a), endorse a post-indictment Restraining Order against the Defendant, his agents, servants, employees, attorneys, family members, all other persons in active concert or participation with him, and all persons in possession or control of the following:

   a. exclusive Country Club Membership at the Chevy Chase Club in the names of Gordon and Lisa Ernst, located in Chevy Chase, Maryland (the "Membership").

A proposed Restraining Order is submitted herewith.  In support of this motion, the United States respectfully submits the attached Memorandum of Law and provides as follows:

On March 5, 2019, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment, charging the defendant Gordon Ernst (the "Defendant") and others, with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) (Count One).  The Indictment included a forfeiture allegation, which provided notice that the United States intends to seek forfeiture pursuant to 18 U.S.C. § 1963(a), upon conviction of the offense alleged in Count One of the Indictment, of: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established,

operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962.  In the Indictment the United States identified the Membership as being subject to forfeiture pursuant to 18 U.S.C. § 1963(a). Property to be forfeited pursuant to 18 U.S.C. § 1963(a) includes, but is not limited to "tangible and intangible personal property, including rights, privileges, interests, claims and securities."

The proposed Restraining Order, submitted herewith, would restrain all such persons with notice of the Restraining Order from transferring or completing any action that would affect the value of the Membership without prior approval of this Court upon notice to the United States, and an opportunity for the United States to be heard.

As set forth in the memorandum of law submitted herewith, the United States is entitled to a restraining order to preserve the *status quo* of the Membership and to secure the continued availability of the Membership for forfeiture upon the Defendant's conviction.  If the Membership is not restrained, there is a risk that it will be transferred, or otherwise made unavailable for forfeiture at the conclusion of this case.

WHEREFORE, for these reasons and the reasons set forth in the United States' Memorandum in Support of its Motion for Post-Indictment Restraining Order, the United States requests that this Court enter a restraining order in the form submitted herewith.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   /s/ *Carol E. Head*
        CAROL E. HEAD, B.B.O. No. 652170
        ERIC ROSEN
        Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100

Date: March 14, 2019         Carol.Head@usdoj.gov