UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>        Plaintiff,                    )<br>                                                      )<br>      v.                                          )<br>                                                      )<br>(1) GORDON ERNST,                         )<br>        Defendant.                 ) | Case No. 19-CR-10081-IT |

## UNITED STATES' MEMORANDUM IN SUPPORT OF
## APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits this memorandum of law in support of its Application for Restraining Order pursuant to 18 U.S.C. § 1963(d)(1)(A). The United States seeks to forfeit the following:

a. exclusive Country Club membership at the Chevy Chase Club in the names of Gordon and Lisa Ernst, located in Chevy Chase, Maryland (the "Membership").

To preserve the *status quo* with respect to the Membership, while the case is pending, the United States now seeks an order restraining the transfer or dissipation of the Membership.

As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue a restraining order where, as here, the United States seeks to restrain property after an Indictment has been returned.

### Procedural Background

On March 5, 2019, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment, charging the defendant Gordon Ernst (the "Defendant") and others, with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), (Count One). The Indictment included a forfeiture allegation, which provided notice that the United States intends to seek forfeiture pursuant to 18 U.S.C. § 1963(a), upon conviction of the offense alleged in Count One

of the Indictment, of: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962, including the Membership.

## Legal Analysis

To preserve the *status quo* while this case is pending with respect to the Membership, which is identified as directly forfeitable in the Indictment, the United States now seeks a Restraining Order, restraining the transferor dissipation of the Membership. As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue such restraining orders. *See* 18 U.S.C. § 1963(d)(1)(A).

### A.  What is Forfeitable

The forfeiture statute applicable in this case is 18 U.S.C. § 1963. Pursuant to 18 U.S.C. § 1963(a), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is entitled to forfeit: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962. Section 1963(b) further provides that "[p]roperty subject to criminal

...
...

forfeiture under this section includes … tangible and intangible personal property, including rights, privileges, interests, claims, and securities."

### B. Post-Indictment Restraint

The applicable forfeiture statute provides that the Court may "enter a restraining order … or take any other action to preserve the availability of property described in subsection (a) for forfeiture … upon the filing of an indictment or information charging a violation of [18 U.S.C. § 1962] and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section."  18 U.S.C. § 1963(d)(1)(A).  The statute only requires notice and an opportunity for a hearing for pre-indictment restraining orders.  *See* 18 U.S.C. § 1963(d)(1)(B).

The issuance of a pre-trial restraining order is not discretionary.  If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court must enter the restraining order.  *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) [and in the identical section 1963(d)(1)] means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property).

In the case at bar, the United States included the Membership in the forfeiture allegation of the Indictment as property directly forfeitable to the United States and the Grand Jury found probable cause and returned the Indictment.  The Membership is subject to forfeiture pursuant to 18 U.S.C. § 1963(a).  Accordingly, this Court has the authority to issue a restraining order against the Membership to prevent the transfer and/or dissipation of the Membership.  18 U.S.C. § 1963(d)(1)(A).

## **CONCLUSION**

To preserve the *status quo* with respect to the Membership, the United States requests that the Court allow its Application for Post-Indictment Restraining Order and issue the proposed Order filed herewith.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ *Carol E. Head*
CAROL E. HEAD, B.B.O. No. 652170
ERIC ROSEN
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Date:  March 14, 2019                   Carol.Head@usdoj.gov