UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 19-cr-10081-IT |
| | ) | |
| v. | ) | |
| | ) | |
| GORDON ERNST, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

DEFENDANTS' OBJECTIONS TO GOVERNMENT'S
MOTION FOR A PROTECTIVE ORDER

In its Motion for a Protective Order, Dkt # 145, the government alleges the following grounds for a protective order:

> The discovery at issue here is highly sensitive and confidential. In that regard, the Government has collected the following broad categories of information throughout its investigation:
>
> - Wiretap and consensual recordings;
> - Financial records obtained from banks and other institutions;
> - Academic records from both high schools and colleges;
> - E-mails and other electronic evidence obtained through search warrants, wiretap interceptions, and subpoenas;
> - Surveillance photographs;
> - Legal process, including wiretap orders and search warrant affidavits; and
> - Other records obtained through grand jury subpoenas.

The government declines to earmark which of these categories justify burdening the defense with a protective order. Rather, it seeks an order sequestering "all discovery materials provided by the Government to defense counsel in whatever form…." [emphasis in original].[1]

---

[1] The government filed its motion without regard to its obligation under Local Rule 7.1 to confer prior to filing. Counsel for the undersigned defendants are amenable to a protective order regarding PII and protected health information. At least one counsel for a defendant has reached out to the government to try to reach a compromise protective order, but no compromise has been reached at this time, and any compromise being discussed has not been shared with remaining counsel. The government should not be allowed to benefit from its own failure to follow the rules by delaying the required production of automatic discovery due April 22, 2019.

1

The government's proposed order is remarkable for its breadth. It seeks to shelter materials already disclosed within its own pleadings, indeed, even materials involving "court and legal process." That the proposed order is tactical, a barely disguised one-way burden on the defense with no reciprocal obligations on the government, is made obvious where not-a-single-page of discovery is left unconstrained. In contrast, the government has made unbridled use of the "sensitive" materials, as evidenced in the government's Affidavit in Support of the Complaint in United States v. Abbott, no. 19-MJ-06087-MPK (Dkt # 3.2), with highly specific allegations about financial transactions, intercepted conversations, and test scores, all chum in the water for a receptive press but which it now seeks to encapsulate in secrecy.

A protective order is a constraint on the preparation of a defense. It puts defense counsel at risk of a contempt finding in its interactions with prospective witnesses; it requires the defense to seek aid of court, or worse, to divulge its defenses in order to shake free of a constraint which should never have been imposed. No defense attorney reasonably quarrels with an order which constrains use of personal identifiers. But it would be plain dereliction for defense counsel not to contest a burden on use of financial information where the government alleges that the charged acts were fueled by monies passed between the parties with some passed through a chapter 501(c)(3). Why the need for a protective order for such documents when the government outlined its intent to use these materials aggressively at trial? Or for that matter, why the need for a protective order for email and other electronic communications which it freely divulged throughout its affidavit? Surveillance photos are hardly the stuff of protective orders, and academic records are what the government contends were bought and sold.

A. The Government Bears the Burden to Demonstrate Good Cause for an Order

When the government seeks a protective order, it bears the burden of showing that good cause exists for its issuance, which requires a "particularized, specific showing." United States v. Bulger, 283 F.R.D. 46, 52 (D. Mass. 2012). A protective order is not warranted where there is insubstantial showing of need. United States v. Nelson, 486 F. Supp. 464 (W.D. Mich. 1980) ("In this case, the government's bald statements fall far short of the requisite showing of need."). Indeed, "the norm is to deny a request for restricted discovery." Id.  See also, United States v. Stone, 2012 U.S. Dist. LEXIS 5785, *7, 2012 WL 137746 (E.D. Mich. 2012) ("The Government has not met its burden to show disclosure will cause a clearly defined and serious injury …. Protective orders are the exception, not the rule, and appropriate reasons must be given for their entry.")

The government asserts a protective order is needed here because dissemination of the automatic discovery materials "beyond the defendants would reveal personal identification, health, and other sensitive information of witnesses and other third-party individuals." Motion, at 2-3. The government argues the following information is confidential: high school and college entrance exam records, college applications, medical records (including psychological evaluations) for children, and personal and financial information of the defendants and third parties, including bank and tax records. Accordingly, the government maintains it has "good cause" under Fed. R. Crim. P. 16(d)(1) to protect personally identifying information ("PII"), sensitive financial information such as tax returns, children's' college exams and applications, and medical/psychological evaluation information.

Addressing each category separately, the defendants respond as follows:

3

- The government is apparently not redacting PII from its automatic discovery. If the information is produced in unredacted form, the defendants agree not to further disseminate PII.

- Tax records, like criminal histories, are usually only produced to the defendant to whom they belong, unless they contain information that falls into discoverable categories, such as *Giglio* information involving cooperators, which may well be the case here. If the records are being produced in unredacted form, the defendants agree not to further disseminate PII.

- College applications, scores, and admissions records of children have been put directly at issue by the government, at least for those defendants in this case for whom such information may be exculpatory. Certain defendants are not alleged to have been involved in the testing part of the case, and information about college applications, scores, and admission records may well be exculpatory to coaches who had no knowledge that certain students were not the scholars or athletes the children were represented to be. As above, if the PII has not been redacted, the defendants agree not to further disseminate PII, and not to disseminate the individual children's information beyond talking to witnesses who already have had access to the information.

- If medical and psychological records of children were obtained, the government should identify for the defendants which children are involved. Some defendants may not need or want the information. For other defendants, such as those in the testing part of the case, such records may be exculpatory. Since the government did not confer with the defendants prior to filing their motion for a protective order, and have not reached out to the defendants to discuss any of the issues presented by this motion, the defendants have no way of guessing whether the information may be relevant, or know whether the information is already known to the particular defendant, which in some cases, it may be. As in the above-described categories, the defendants agree not to further disseminate PII or protected health information.

More broadly, the government can invoke none of the customary concerns warranting a protective order, e.g. that materials contained information about on-going fugitive investigations, see United States v. Fine, 413 F. Supp. 740 (W.D. Wis. 1976), or put an informant at risk. United States v. Makekau, 429 F.2d 1403 (9th Cir. 1970). The government has disclosed its principal cooperator, making implausible a claim that dissemination of information might impact further investigations (extensive publicity does that).

2. <u>The Proposed Protective Order is a Substantial Burden on the Constitutional Rights of Defendants</u>

This order violates the defendants' constitutional right to due process, right to prepare and present a defense, and right to the effective assistance of counsel under the Fifth and Sixth Amendments as follows:

(1) The government's proposed order prevents any defendant from having copies of any of the discovery information (including the defendant's own email, bank account records, and tax records);

(2) The government's proposed order prevents any further disclosure of any information contained in the discovery to possible witnesses (not just further disclosure of PII or sensitive financial or medical information, which is the only showing that the government tried to make); and

(3) The government's proposed order prevents an effective joint defense effort by requiring a further court order before defendants can discuss or share discovery with one another.

As to the first objection, there is simply no legal or factual basis to bar defense counsel from sharing copies of discovery with his or her client (including, but not limited to, the client's own emails, bank records, and tax returns), and to require the client to read that discovery in a lawyer's office. The government chose to bring the case in Massachusetts while many of the defendants live long distances away, including many in California. Given that distance, this prohibition hamstrings each lawyer's ability to effectively learn the facts and prepare a defense with their client's informed and effective assistance. Such an overreach by the government is unconscionable and unconstitutional. Of note, even in cases where the risk of bodily harm and witness intimidation was real and present, such as in the MS-13 prosecution, defendants were permitted to possess copies of the discovery.

As to the second objection, again there is no basis presented in the government's motion for limiting ability of the defense to reach out to possible witnesses to learn all the facts and

prepare a defense. No risk of bodily harm or witness intimidation has been shown by the government. No risk of flight is described.[2] The government chose when to bring this indictment forward. It should not now be allowed to use that decision as a basis to either delay the production of required automatic discovery or to prevent the defendants from effectively preparing their defense by counsel reaching out to witnesses[3] to learn the entire story and determine what defenses are available to individual defendants.

As to the final objection, the government attempts to prevent any defense counsel from sharing with another defense counsel any information that might assist in the preparation of a defense through an explicit or implicit joint defenses agreement without further order of the Court. Absolutely no explanation or justification whatsoever is provided by the government for this improper and unconstitutional attempt to limit the defendants' ability to prepare their defense. The government is not entitled to dictate how the defendants chose to work together to defend the case, especially where, as here, the only ground for the motion is the government's own decision not to redact PII from the materials to be provided in automatic discovery.

## Conclusion

The broad order sought by the government should be denied. Defendants attach an appropriate order, narrowed to the concerns relating to personal identifiers as set forth in Local Rule 5.2 and protected health information under HIPAA.

---

[2] Nor could the government make such a claim given the amount of press this case has engendered. Any person who ever interacted with Rick Singer in connection with college admissions (coach, parent, or colleague) must know by now that they are a possible subject or target of this investigation, whether or not the government has contacted them.

[3] Counsel for defendant Jorge Salcedo has repeatedly requested the government to provide the list of witnesses it believes that defendants should not be allowed to contact, as it promised during the arraignments. To date, the government has not provided the no-contact list.

For Defendant #1
GORDON ERNST


_____/s/ Tracy A. Miner_____
Tracy A. Miner
Seth B. Orkand
Megan A. Siddall
Miner Orkand Siddall LLP
470 Atlantic Avenue, 4th Floor
Boston, MA 02210
tel:  (617) 273-8377
fax: (617) 273-8004
tminer@mosllp.com | mosllp.com


For Defendant #4
ALI KHOSROSHAHIN


_____/s/ Jessica Hedges_____
Jessica Diane Hedges
BBO # 645847
Hedges & Tumposky, LLP
50 Congress Street
Boston, MA 02109
617-722-8220
hedges@htlawyers.com


For Defendant #6
MIKAELA SANFORD

_____/s/ Charles McGinty_____
Charles P. McGinty
BBO #333480
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061

For Defendant #8
IGOR DVORSKY


   */s/ Melissa Weinberger*
Melissa Weinberger
Touchton & Weinberger, LLP
800 Wilshire Blvd, Suite 1050
Los Angeles, CA 90017
(213) 867-6350


Defendant #9
NIKI WILLIAMS


   */s/ Eric Tennan*
Eric B. Tennen
Swomley & Tennan, LLP
50 Congress Street, Suite 600
Boston, MA 02109
(617) 227-9443


Defendant #10
WILLIAM FERGUSON

 /s/ *Shaun G. Clarke*

SMYSER KAPLAN & VESELKA, L.L.P.
Alex Wolf (MA State Bar # 685374)
Shaun Clarke (admitted *pro hac vice*)
Dane Ball (admitted *pro hac vice*)
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2300 (phone)
(713) 221-2320 (fax)

BROOKS PIERCE MCLENDON HUMPHREY &
LEONARD, L.L.P.
Kearns Davis (admitted *pro hac vice*)
230 North Elm Street
2000 Renaissance Plaza
Greensboro, NC 27401
(336) 271-3174 (phone)

For Defendant #11,
JORGE SALCEDO

By:   */s/ Susan G. Winkler*
Thomas C. Frongillo
BBO #180690 |(617) 401-7289
Susan G. Winkler
BBO # 530682|(617) 902-0075
Pierce Bainbridge Beck Price & Hecht LLC
One Liberty Square, 13th Floor
Boston, MA 02109
tfrongillo@piercebainbridge.com
swinkler@piercebainbridge.com

Certificate of Service

I hereby certify that I this day provided the foregoing pleading to counsel of record by ECF notice.

Dated 04/16/2019                    */s/ Susan G Winkler*
                                    Susan G. Winkler