UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>GORDON ERNST, *et al.*,<br><br>    Defendants. | Crim. No. 19-cr-10081-IT-MPK |

**JOINT INTERIM STATUS REPORT**

Pursuant to Local Rule 116.5(b), the parties hereby file the following report for the November 10, 2020 Interim Status Conference.

**(1)  Automatic Discovery & Pending Discovery Requests**

The government provided initial discovery in this case to the defendants on or about April 25, 2019, and produced supplemental discovery on or about May 29, 2019, July 1, 2019, August 30, 2019, October 31, 2019, January 10, 2020, January 20, 2020, February 26, 2020, March 3, 2020, March 13, 2020, April 1, 2020, April 10, 2020, April 24, 2020, April 28, 2020, May 5, 2020, May 18, 2020, May 29, 2020, June 19, 2020, August 28, 2020, and October 2, 2020. The government provided defendants with general indices and multiple databases in load-ready forms.

None of the remaining defendants have produced discovery to the government. They assert that defense discovery is premature and that they are still reviewing the government's productions.

The government received discovery requests from Defendant Heinel on August 28, 2019, September 18, 2019, November 18, 2019, January 16, 2020, March 20, 2020, April 29, 2020, and July 21, 2020. The government believes it has addressed Defendant Heinel's requests. Defendant

Heinel does not agree that the government has addressed all of her requests and reserves the right to further meet and confer and to file a discovery motion addressing such requests at a later date as necessary.

The government received discovery requests from Defendant Vavic on March 6, 2020. The government believes it has addressed Defendant Vavic's requests. Defendant Vavic does not agree that the government has addressed his requests and reserves the right to further meet and confer and to file a discovery motion addressing such requests at a later date as necessary.

On February 19, 2020, Defendant Heinel filed a letter on the docket (Dkt. No. 395) regarding her inability to effectuate service of subpoenas on Creating Answers, the Edge College & Career Network, and the Key Worldwide Foundation. On March 20, 2020, Defendant Heinel filed another letter on the docket (Dkt. No. 419) requesting that the government produce the records in its possession from Creating Answers, the Edge College & Career Network, and the Key Worldwide Foundation. (Dkt. No. 419-1.) The government has already produced records from Creating Answers, the Edge College & Career Network, and Key Worldwide Foundation. Defendant Heinel responds that she is currently reviewing the discovery provided and reserves the right to further address with the Court her inability to effectuate service.

**(2)    Additional Discovery**

In response to a request from defendants in *United States v. Colburn, et al.*, No. 19-cr-10080-NMG, the government recently obtained materials from a storage locker maintained by William "Rick" Singer. The government anticipates producing these materials—which total approximately 1,500 documents and are largely duplicative paper copies of materials already produced electronically—before the status conference on November 10, 2020.

To the extent the Government obtains additional Rule 16 discovery, the government will provide it to defendants pursuant to Local Rule 116.7.

Defendants state that they cannot provide discovery to the government until after each has evaluated the government's discovery and determined what materials each will use in "the defendant's case-in-chief at trial" as required by Fed. R. Crim. P. 16.

**(3)     Timing of Additional Discovery Requests**

Defendants continue to review the materials produced thus far.  Their assessment of discovery motions is premature until such time as defendants have completed discovery review and exhausted further discovery requests and meet and confer requirements.

**(4)     Protective Orders**

There is a protective order currently in place.  Should a party seek modification of any existing protective order, a motion will be filed with the Court to address any issue.

**(5)     Pretrial Motions Under Fed. R. Crim. P. 12(b)**

*Defendants' Position:*

Defendants state that they are people of modest means who lost their livelihoods as a result of the Government's charges.  They have now filed two resource-intensive rounds of motions to dismiss the Government's legally defective indictments as well as proposed jury instructions in support of the same.  Each time, the Government has superseded rather than risk the Court's dismissal of charges that are fatally flawed for the same reasons Defendants have now repeatedly set forth in successive pleadings.

Initially, the Government filed the original indictment on March 5, 2019. On October 15, 2019, Defendants filed motions to dismiss the original indictment. Rather than defend its

indictment, one week later, on October 22, 2019, the Government filed the superseding indictment, mooting the motions to dismiss.

Defendants again filed motions to dismiss on December 20, 2019, this time addressing the superseding indictment. The Government filed its opposition on January 17, 2020, and Defendants filed their reply briefs on February 14, 2020.

The Court held a lengthy hearing on these motions on July 1, 2020, following which it ordered the parties to submit proposed jury instructions to aid the disposition of Defendants' motions.  On July 29, 2020, Defendants submitted Joint Proposed Jury Instructions totaling 75 pages in length.  The Government prefaced its Proposed Jury Instructions, filed the same day, by announcing its intent to supersede once again to "address some of the concerns that the Court identified at the recent hearing" rather than await the Court's ruling.  Dkt. 490 at 3.

On September 1, 2020, the Government filed its second superseding indictment. Defendants state that the second superseding indictment once again merely reasserts the same legally deficient charges—just as the first superseding indictment did with respect to the initial indictment.  Although these charges are fatally flawed for the same core reasons set forth now in two rounds of motions to dismiss, a robust oral argument, and lengthy jury instructions, Defendants are now faced with the prospect of devoting scarce resources to reiterating their challenges in yet a new round of briefing.

Accordingly, to streamline this process for Defendants and the Court, Defendants propose that the Government be required to file a proffer detailing how, specifically, it contends that the second superseding indictment "address[ed]" any "concerns that the Court identified," based on Defendants' motions to dismiss and the oral argument on July 1, 2020.  *See* Dkt. 490 at 3.

4

Defendants further propose that the parties submit a joint status report addressing further Rule 12(b)(3)(B)(v) motions to dismiss the second superseding indictment within 10 days of the Government's proffer. In addition, Defendants propose that the parties defer setting briefing schedules for any additional Rule 12(b) motions and motions for bills of particular until the Court's ruling on dispositive Rule 12(b)(3)(B)(v) motions to dismiss.

*Government's Position:*

The government disputes Defendants' contentions regarding the superseding and second superseding indictments, and further responds that a status report is not the place for argument. The government proposes that if the Defendants wish to make a motion for relief, whether under Rule 12(b) or otherwise, they do so promptly, and in any event before the next status conference.

**(6)     Expert Discovery**

On January 17, 2020 this Court ordered that "The court will address the timing of expert disclosures at the next status conference. The government shall provide expert discovery 90 days prior to trial and defendants, 30 days." Interim Status Report, Dkt. No. 365, p.1, para. D-E.

**(7)     Defenses of Insanity, Public Authority, or Alibi**

No Defendant intends to offer defenses of insanity, public authority, or alibi.

**(8)     Speedy Trial Act**

The 70-day period specified in 18 U.S.C. § 3161(c)(1) commenced on March 25, 2019 with the Defendants' initial appearance in this District. In Orders entered March 25, 2019, June 3, 2019, October 1, 2019, January 17, 2020, and July 15, 2020, the Court has excluded all time between March 25, 2019 and November 10, 2020 under the Speedy Trial Act. *See* Dkts. 109 184, 251, 365, 436, 485.

The parties have conferred and ask that the Court exclude the period from the time of the interim status conference on November 10, 2020 to the time of the next status conference, under 18 U.S.C. § 3161(h)(1)(D), while defendants' motions to dismiss are pending, and § 3161(h)(7)(A), to permit defendants time to review discovery, confer with their respective counsel, and prepare and file any additional Rule 12(b) motions.  The ends of justice served by this exclusion outweigh the interests of the public and the defendants in a speedy trial.

**(9)       Status of Plea Discussions and Likelihood and Estimated Length of Trial**

Defendants Dvorskiy, Fox, Janke, Khosroshahin, Masera, Salcedo, Sanford, and Williams have already entered plea agreements and pled guilty.  The government is in plea discussions with additional defendants.  Depending on the number of defendants remaining for trial, the government currently estimates that its case-in-chief would take approximately three to six weeks, assuming half-day sessions.

**(10)     Status Conference**

The parties request a status conference the week of February 8, 2021 or at such time as is convenient to the Court.

    Respectfully Submitted,

    **ANDREW E. LELLING**
    **UNITED STATES ATTORNEY**

    /s/ *Kristen A. Kearney*
    JUSTIN D. O'CONNELL
    LESLIE A. WRIGHT
    KRISTEN A. KEARNEY
    Assistant United States Attorneys
    John Joseph Moakley Courthouse
    One Courthouse Way, Suite 9200
    Boston, Massachusetts 02210
    Tel: (617)-748-3100

Justin.O'Connell@usdoj.gov
Leslie.Wright@usdoj.gov
Kristen.Kearney@usdoj.gov

 /s/  Nina Marino
Nina Marino, Counsel for Donna Heinel
Richard Kaplan
Jennifer Lieser
KAPLAN MARINO, P.C.
9454 Wilshire Blvd., Ste. 902
Beverly Hills, CA 90212
Tel:  (310) 557-0007
marino@kaplanmarino.com

 /s/  Megan A. Siddall
Megan A. Siddall, Counsel for Gordon Ernst
Seth B. Orkand
Tracy A. Miner
Miner Orkand Siddall LLP
470 Atlantic Ave., 4th Floor
Boston, MA 02210
Tel: (617) 273-8406
msiddall@mosllp.com
sorkand@mosllp.com
tminer@mosllp.com

 /s/  Shaun G. Clarke
Dane C. Ball, Counsel for William Ferguson
Shaun G. Clarke
Alexander M. Wolf
Smyser Kaplan & Veselka L.L.P.
717 Texas Street, Ste. 2800
Houston, TX  77002
Tel: (713) 221-2300
dball@skv.com
sclarke@skv.com
awolf@skv.com

Kearns Davis, Counsel for William Ferguson
BROOKS PIERCE
2000 Renaissance Plaza

230 N Elm St.
Greensboro, NC  27401
(336) 271-3174 (phone)
(336) 378-1001 (fax)
kdavis@brookspierce.com

 /s/  *Stephen G. Larson*
Stephen G. Larson, Counsel for Jovan Vavic
Koren L. Bell
Paul A. Rigali
Larson O'Brien LLP
555 S. Flower Street, Ste. 4400
Los Angeles, CA  90071
(213) 436-4864
slarson@larsonobrienlaw.com

**CERTIFICATE OF SERVICE**

I, Kristen A. Kearney hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 3, 2020.

/s/ *Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant United States Attorney