UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | * |
| | *   Criminal No. 19-10081-IT |
| GORDON ERNST, | * |
| DONNA HEINEL, | * |
| WILLIAM FERGUSON, and | * |
| JOVAN VAVIC, | * |
| | * |
| Defendants. | * |

ORDER
July 28, 2021

Before the government superseded the Indictment in this case for a second time, the Defendants moved to dismiss all counts. See Motion to Dismiss as to Heinel [#331]; Motion to Dismiss as to Vavic [#333]; Motion to Join as to Ferguson [#338]; Motion to Join as to Ernst [#337]; Motion to Join as to Vavic [#465]. The court addressed these motions at length in a November 23, 2020 Memorandum and Order [#564]. Now before the court is Defendant Vavic's Supplemental Motion to Dismiss the Second Superseding Indictment [#607] raising one new and one renewed argument for why the charges brought against him in the Second Superseding Indictment ("SSI") [#505] must be dismissed.[1] At bottom, Vavic's two arguments contend that the government will not be able to prove an illicit quid pro quo, a predicate of every offense he is charged with. However, on a pretrial motion to dismiss an

---

[1] Vavic's motion also requested that the court strike several claims and allegations in the Second Superseding Indictment [#505] based upon the court's ruling that admission offers to universities do not constitute the universities' property for the purposes of the federal fraud statutes. The court granted this requested relief in a July 14, 2021 Electronic Order [#722].

Indictment, the court is not empowered to weigh the sufficiency of the government's case but must only consider whether the allegations in the Indictment are technically sufficient and detailed enough to apprise the defendant of the charged offense. United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015). Here, the SSI clears that hurdle and, therefore, calls for a trial on the merits.

Vavic first argues that the allegations that Rick Singer made tuition payments for Vavic's children cannot support an illicit quid pro quo where the tuition payments were, at most, after-the-fact gratuities meant to secure Vavic's goodwill. Both sides agree that to prove a quid pro quo under the charged statutes, the government must prove "a specific intent to give or receive something of value in exchange for an official act." See Vavic Mem. 8 [#608]; Gov't Opp'n 6 [#625] (both citing United States v. Sun–Diamond Growers of California, 526 U.S. 398, 404–05 (1999)). Vavic contends that the transcription of a January 2019 call between him and Singer establishes that there was no agreed-upon "exchange" for the tuition payments since the call merely promised future consideration for past acts. However, as the government points out in its opposition, the SSI does not allege that the January 2019 conversation constituted the illicit exchange, but that Singer and Vavic entered into an agreement "years earlier," and that the January 2019 call was evidence of Vavic's intent in entering into that earlier agreement. Gov't Opp'n 8 [#625]. In reply, Vavic pivots to new arguments—that the SSI fails to include sufficient facts of the alleged "years prior" agreement; that the SSI's allegations are vague, compound, and conclusory; and that the government changed its theory of the case in response to the court's November 23, 2020 Memorandum and Order [#564]—but none present a persuasive basis for dismissal of the charges.

Second, Vavic argues that any agreement where Vavic agreed to perform official acts in exchange for Singer arranging for payments to accounts owned by the University of Southern California ("USC")—Vavic's employer—cannot, as a matter of law, constitute a "bribe." Vavic acknowledges that bribes may include payments to third parties. Vavic Mem. 10 [#634]; see also United States v. DeMizio, 741 F.3d 373, 382 (2d Cir. 2014) (holding that the defendant himself need not receive the payoff to qualify as a kickback or a bribe). He contends, however, that where the accounts were owned by USC, Vavic obtained no "private payment" or "private gain," a necessary element of both the honest services and federal programs bribery charges. Vavic Mem. 15 [#608] (citing United States v. Blagojevich, 794 F.3d 729 (7th Cir. 2015); McNally v. United States, 483 U.S. 350, 355 (1987)). The requirement that the government prove a "private payment" or "private gain" does not foreclose, as a matter of law, a scenario where the Defendant agreed to have bribes paid to university accounts so long as the government proves that the defendant entered into a *corrupt* or *illegitimate* agreement to receive something "of value" where "a thing of value is defined broadly to include the value which the defendant subjectively attaches to the items received." United States v. Renzi, 769 F.3d 731, 744 (9th Cir. 2014) (citation omitted); United States v. Sorich, 523 F.3d 702, 709 (7th Cir. 2008) ("By 'private gain' we simply mean *illegitimate* gain, which usually will go to the defendant, but need not") (emphasis added). Here, the illegitimate private gain alleged in the SSI as to accounts owned by USC is the receipt of funding for designated university accounts that benefited Defendants professionally, where "the university's admissions office would not have approved such an arrangement." SSI ¶¶ 20, 25 [#505]. Whether the facts here support the government's assertion that Vavic obtained a corrupt or illegitimate personal benefit through the payments Singer arranged to

3

accounts owned by USC is a question as to the sufficiency of the evidence and must therefore be left to the jury.

Accordingly, Defendant Jovan Vavic's <u>Supplemental Motion to Dismiss the Second Superseding Indictment</u> [#607] is DENIED.

IT IS SO ORDERED.

Date: July 28, 2021                                              /s/ Indira Talwani
                                                                 United States District Judge