

**U.S. Department of Justice**

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception  (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 10, 2021

Tracy A. Miner, Esq.
Miner Siddall LLP
101 Federal Street, Suite 650
Boston, Massachusetts 02110

  Re: United States v. Gordon Ernst
     <u>Criminal No. 19-10081-IT</u>

Dear Ms. Miner:

  The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Gordon Ernst ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

  1. <u>Change of Plea</u>

  At the earliest practicable date, Defendant will plead guilty to Counts Four through Seven and Twenty-One of the Second Superseding Indictment: conspiracy to commit federal programs bribery, in violation of Title 18, United States Code, Section 371; federal programs bribery, in violation of Title 18, United States Code, Section 666(a)(1)(B); and filing a false tax return, in violation of Title 26, United States Code, Section 7206(1). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts Four through Seven and Twenty-One of the Second Superseding Indictment, did so knowingly, intentionally and willfully, and is in fact guilty of those offenses. The U.S. Attorney agrees to dismiss Counts Two, Eight, Nine, Seventeen, Nineteen, Twenty, and Twenty-Two of the Second Superseding Indictment following the imposition of sentence at the sentencing hearing.

  The U.S. Attorney agrees that, based upon the information known to the U.S. Attorney's Office at this time, no further criminal charges will be brought against the Defendant in connection with the conduct set forth in the Second Superseding Indictment.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

- <u>Count Four (Conspiracy to Commit Federal Programs Bribery)</u>: incarceration for five years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Second Superseding Indictment.

- <u>Counts Five through Seven (Federal Programs Bribery)</u>: incarceration for ten years; supervised release for three years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Second Superseding Indictment.

- <u>Count Twenty-One (Filing a False Tax Return)</u>: incarceration for three years; supervised release for one year; a fine of $100,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Second Superseding Indictment.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculation, that Defendant's total adjusted offense level under the United States Sentencing Guidelines ("USSG" or "Guidelines") is 29:

a) Defendant's base offense level is 12, because Defendant was not a public official (USSG § 2C1.1(a)(2));

b) Defendant's offense level is increased by 2, because the offense involved more than one bribe (USSG § 2C1.1(b)(1));

c) Defendant's offense level is increased by 16, because the value of the bribes was more than $1,500,000 but not more than $3,500,000 (USSG §§ 2C1.1(b)(2) & 2B1.1(b)(1)(I));

d) Defendant's offense level is increased by 2, because Defendant abused a position of trust in a manner that significantly facilitated the commission of the offense (USSG § 3B1.3); and

e) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for his crimes (USSG § 3D1.4).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentencing Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for a term of not more than 48 months;

b) 24 months of supervised release;

c) a mandatory special assessment of $500, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

d) forfeiture as set forth in Paragraph 7.

The Defendant agrees to recommend a sentence that includes a term of incarceration of not less than 12 months.

The parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the term of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

a) cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

b) provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

c) provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

d) provide the Collection Division with all financial information necessary to determine Defendant's ability to pay;

e) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

f) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines, or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions the U.S. Attorney made in this Plea Agreement, Defendant voluntarily and knowingly waives any claim Defendant might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts Two, Eight, Nine, Seventeen, Nineteen, Twenty, and Twenty-Two of the Second Superseding Indictment.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a) $276,719.77 turned over to the United States Marshals Service on or about May 28, 2021, in lieu of forfeiture of 25 Gang Way Unit 25, Falmouth, MA;

b) all funds on deposit in Vanguard SEP IRA account number ending in x9912, held in the name of Gordon M. Ernst;

c) all funds on deposit in Merrill Lynch bank account number ending in x8422, held in the name of Gordon Ernst and another; and

d) $3,435,053.78, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offenses.

Defendant also admits that $3,435,053.78 is subject to forfeiture on the grounds that it is equal to the amount of proceeds defendant derived from the offenses. The government agrees to apply net amounts realized through the final disposition of items a.-c. towards Defendant's forfeiture Money Judgment.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any

fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the generality of the foregoing, Defendant hereby specifically acknowledges that the Federal Bureau of Investigation ("FBI") declared the following accounts forfeited to the United States on March 13, 2020:

a) $28,681.67 seized by the FBI on March 12, 2019 from PNC Bank number ending in x6522 held in the name of Gordon M. Ernst and another; and

b) $18,264.53 seized by the FBI on March 12, 2019 from PNC Bank number ending in x6905, held in the name of Gordon M. Ernst and another.

Defendant hereby acknowledges that Defendant received actual notice of administrative forfeiture proceedings on or about May 10, 2019 and October 30, 2019. The government agrees to credit the above forfeited funds to Defendant's forfeiture Money Judgment.

8. <u>Protection of Assets for Payment of Restitution, Forfeiture, and Fine</u>

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

   a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

   b) Ordinary living expenses, so long as such assets do not exceed $5,000 per month; and

   c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remains in effect until Defendant has paid any fine, forfeiture, or restitution ordered by the Court and resolved any tax liability resulting from the conduct charged in the Second Superseding Indictment.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

9. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

10. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release, or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that

Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kriss Basil.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _____
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
SETH B. KOSTO
Deputy Chief
Securities, Financial & Cyber Fraud Unit

_____
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
KRISS BASIL
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Gordon Ernst
Defendant

Date: September 13, 2021

I certify that Gordon Ernst has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

_____
Tracy A. Miner, Esq.
Attorneys for Defendant

Date: September 14, 2021