UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-CR-10081-IT |
| | ) |
| (1) GORDON ERNST, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**TALWANI, D.J.**

WHEREAS, on September 1, 2020, a federal grand jury sitting in the District of Massachusetts returned a twenty-two count Second Superseding Indictment, charging defendant Gordon Ernst (the "Defendant"), and others, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Conspiracy to Commit Mail and Wire Fraud and Honest Services Mail and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count Two); Conspiracy to Commit Federal Programs Bribery, in violation of 18 U.S.C. § 371 (Count Four); Federal Programs Bribery, in violation of 18 U.S.C. § 666(a)(1)(B) (Counts Five through Seven); Wire Fraud and Honest Services Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343, 1346, and 2 (Counts Eight and Nine); Mail Fraud and Honest Services Mail Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1341, 1346, and 2 (Count Seventeen); Money Laundering; Aiding and Abetting, in violation of 18 U.S.C. §§ 1957 and 2 (Count Nineteen); and Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Counts Twenty-One and Twenty-Two);[1]

---

[1] The Defendant was not charged with Counts Three, Ten through Sixteen, and Eighteen. Count One was dismissed by the Court upon the government's motion. *See* Docket No. 829.

1

WHEREAS, the Second Superseding Indictment also included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Two, Four, Five, Six, Seven, Seventeen, and Eighteen of the Second Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

(a) $3,435,053.78, to be entered in the form of a forfeiture money judgment against Ernst;

WHEREAS, the Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C § 2461(c);

WHEREAS, on October 25, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts Four through Seven and Twenty-One of the Second Superseding Indictment, pursuant to a written plea agreement that he signed on September 13, 2020;[2]

---

[2] The government agreed to dismiss Counts Two, Eight, Nine, Seventeen, Nineteen,

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to forfeit $3,435,053.78, to be entered in the form of an Order of Forfeiture (Money Judgment) on the grounds that such amount is equal to the amount of proceeds the Defendant derived from the offenses charged in Counts Four through Seven;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on October 25, 2021, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $3,435,053.78, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c). This amount represents proceeds that the Defendant derived from his offenses;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Defendant shall forfeit to the United States the sum of $3,435,053.78, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c).

2.  This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

---

Twenty, and Twenty-Two upon the imposition of sentence.

4. The United States may conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), incorporated by 28 U.S.C. § 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

**INDIRA TALWANI**
United States District Judge

Dated: 7/5/2022

4