UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GORDON ERNST, )<br>)<br>Defendant ) | Criminal No. 19-10081-IT |

**GOVERNMENT'S OPPOSITION TO
DEENDANT GORDON ERNST'S MOTION
TO MODIFY CONDITIONS OF RELEASE**

Gordon Ernst, one of the most culpable defendants in the collective "college admissions" cases, served barely 12 months of the 30-month sentence this Court imposed in a Bureau of Prisons ("BOP") facility before being released to serve the remainder of his prison term in home confinement. Ernst now moves to double-count that period of home confinement by cutting short the additional six-month period of home confinement to which this Court sentenced him (which was intended to follow his prison term). His basis: a job that he contends would be unmanageable under the current conditions of his supervised release. But that job is not even scheduled to begin until more than a month after Ernst seeks to terminate his home confinement. And its regular hours do not require *any* modifications to Ernst's conditions, which permit him to work outside the home. Because the relief Ernst requests is not necessary to facilitate his employment and is contrary to the sentence the Court imposed, the government opposes.

**RELEVANT BACKGROUND**

On July 1, 2022, the Court sentenced Ernst, the former men's and women's tennis coach at Georgetown University, to 30 months of incarceration and two years of supervised release, with

the first six months to be served in home confinement with location monitoring. Dkt. 1406. This sentence arose from (a) his participation, over more than ten years, in a scheme to designate at least 19 clients of William "Rick" Singer as tennis recruits in exchange for bribes, and thereby to secure their admission to Georgetown, (b) his solicitation of bribes from other families (who were not Singer clients) in exchange for recruiting at least three *additional* students to Georgetown's tennis team, and (c) his failure to disclose the bribe payments on his federal income tax return. In total, Ernst accepted nearly $3.5 million in bribe payments to his own pocket, at least $2 million more than any other coach or administrator charged in the college admissions cases.

On September 12, 2022, Ernst self-reported to a BOP facility. Between September 12, 2022 and September 19, 2023, Ernst was housed at the minimum-security camp at FCI Cumberland. While incarcerated, Ernst completed BOP's 500-Hour Residential Drug Abuse Program (RDAP) based on his self-reported alcohol abuse. He also completed nearly every additional available program and activity at FCI Cumberland to qualify under the First Step Act for 101 days of credit and early transfer to prerelease custody in a Residential Reentry Center or home confinement. He also received 134 days of statutory "good time" credit. As a result, BOP transferred Ernst from secure custody (*i.e.*, FCI Cumberland) to pre-release custody (here, home confinement) on September 19, 2023. Between September 19, 2023 and January 17, 2024, Ernst remained in BOP custody while on home confinement. BOP released Ernst from its custody on January 17, 2024, at which time he began to serve his two-year period of post-incarceration supervised release, with the first six months in home confinement. That period of home confinement is scheduled to end in July 2024. Ernst now moves to terminate his home confinement after just two months—on March 17, 2024—purportedly to begin a job in New York on April 27, 2024.

**ARGUMENT**

The terms of Ernst's home confinement permit him to leave his home for employment. He nevertheless asserts in his motion that "running a summer camp and coaching students in tournaments" "doesn't work with home confinement" because of "some early mornings and late evenings" and a schedule that "will be subject to last-minute changes." Dkt. 1506 at 2. This conclusory and speculative claim is undercut by the camp schedule Advantage Tennis Clubs advertises on its website. Both the "Summer Junior Tennis Day Camp" and the "General Camp" to which Ernst may be assigned begin in mid-June and run Mondays through Fridays 8:00 a.m. to 5:00 p.m. *See* https://advantagecamps.net/ (last accessed March 18, 2024). Even the earlier May and June "Junior Development Program" sessions with which Ernst may assist have posted schedules, running from 4:00 to 8:00 p.m. during the week and 9:00 a.m. to 2:00 p.m. on Saturdays. *See* https://advantagetennisclubs.com/tennis-clubs/rirc/junior-program/rirc-basic-junior-program/ (last accessed March 18, 2024). These programs, which have set schedules, are not inconsistent with the terms of Ernst's home confinement. Further, contrary to Ernst's claim in his motion, the job responsibilities listed in the offer attached to his motion do not include coaching students in tournaments. *Compare* Dkt. 1506 at 2 and Dkt. 1506-1 (Employment Offer). In any event, tennis tournaments are scheduled in advance, and Ernst could easily seek permission from the Probation Office if his job required him to attend one.

Ernst's request is also inconsistent with the letter and spirit of home confinement. Despite receiving the benefit of multiple programs that allowed him to shave off approximately 60% of his prison sentence, Ernst nevertheless seeks to reduce his sentence even further by double-counting time spent in pre-release BOP custody as supervised release. Indeed, he betrays his true purpose—reducing his sentence even further—in asking for his period of home confinement to end on March

17, 2024—more than a month before he is set to begin his new position on April 27, 2024. In sentencing Ernst, one of the most culpable defendants in the "college admissions" cases, the Court found that the Section 3553(a) factors weighed in favor of the sentence it imposed, which included a period of supervised release with the first six months in home confinement. Ernst has presented no basis for reducing or otherwise modifying that sentence.[1]

## CONCLUSION

For the foregoing reasons, the government respectfully requests that Ernst's motion be denied.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:    /s/ Kristen A. Kearney
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
IAN J. STEARNS
STEPHEN E. FRANK
Assistant United States Attorneys

Date: March 18, 2024

### Certificate of Service

I hereby certify that the foregoing document was served through the ECF system on all registered participants in this action on March 18, 2024.

By:    /s/ Kristen A. Kearney
KRISTEN A. KEARNEY
Assistant United States Attorney

---

[1] The government does not oppose Ernst's request to permit travel to New York without prior Court approval but with prior notice to the Probation Office.

4