UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | 1:19-cr-10081-IT |
| (1) GORDON ERNST, | * | |
| | * | |
| Defendant | * | |

MEMORANDUM & ORDER

March 20, 2024

TALWANI, D.J.

Following Defendant Gordon Ernst's entry of a guilty plea, this court sentenced him to 30 months imprisonment and two years of supervised release, with various conditions, including serving the first 6 months in home detention. Amended Judgment [Doc. No. 1406]. Mr. Ernst now requests that the court modify his conditions of supervised release. Def.'s Mot. [Doc. No. 1506]. The government opposes the motion. Gov't. Opp. [Doc. No. 1508].

**A.      Home Confinement**

Mr. Ernst asks the court to terminate his term of home confinement. Def.'s Mot. 1 [Doc. No. 1506]. He states first that he has already completed six months of home confinement. Id. But although the Bureau of Prisons ("BOP") allowed Mr. Ernst to serve the last four months of his term of imprisonment in home confinement, that time satisfies only the imprisonment portion of his sentence, and not the six-month home detention during supervised release imposed by this court.[1]

---

[1] Although the government is correct that time spent in pre-release BOP custody is not properly counted towards time in supervised release, the government's further objection that Mr. Ernst

Mr. Ernst asserts further that the requested modification will enable him to accept an employment opportunity in New York, starting on April 27, 2024, as a Tennis Coach, Program Specialist and Camp Director, and that this work will involve some early mornings and late evenings. Def.'s Mot. 1 [Doc. No. 1506]. But Mr. Ernst's home confinement already permits him to leave his home for employment. And while Mr. Ernst states that his work schedule "will be subject to last-minute changes," id., he does not explain what would cause changes that could not be cleared in advance with his probation officer. Accordingly, the request to terminate home confinement is DENIED.

B.     Travel

Mr. Ernst states further that he will be required to move to New York for the position, and he requests permission to travel in New York, Maryland, Rhode Island, Connecticut, and Massachusetts—without prior court approval but with prior notice to Probation. Def.'s Mot. 1 [Doc. No. 1506]. The government does not oppose his request to travel to New York without prior court approval but with prior notice to the Probation Office, and the court finds that this modification will facilitate his employment opportunity.

Mr. Ernst states that he may need to travel to the additional states listed for tennis tournaments for his new job. Id. The court will permit Mr. Ernst to travel to Maryland, New York, Rhode Island, Connecticut, and Massachusetts without prior court approval, but with Probation's prior approval, and only as required for his employment.

---

"receiv[ed] the benefit of multiple programs that allowed him to shave off approximately 60% of his prison sentence," Gov't. Opp. 3 [Doc. No. 1508], is misguided. The court commends Mr. Ernst for participating in these programs, which presumably have been designed to facilitate rehabilitation.

Mr. Ernst also seeks to travel to these additional states for family visits. But where these visits are outside the terms of his home detention, the court finds no basis for removing his travel restrictions for this purpose.

### C.     Conclusion

For the above reasons, Defendant's <u>Motion to Modify Conditions of Release</u> [Doc. No. 1506] is allowed in part and denied in part. Mr. Ernst may travel in New York for his employment without prior court approval but with prior notice to the Probation Office. Mr. Ernst may travel in Maryland, Rhode Island, Connecticut, and Massachusetts for his employment without prior court approval but with prior approval from his Probation Officer. All other conditions of supervised release remain in effect and the motion is otherwise DENIED.

IT IS SO ORDERED.

March 20, 2024                                                         /s/ Indira Talwani
                                                                                   United States District Judge